## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

THE TRAVELERS INDEMNITY
COMPANY as successor in interest to GULF
INSURANCE COMPANY,

               Plaintiff,

  v.

EXCALIBUR REINSURANCE
CORPORATION f/k/a CAPITAL
INSURANCE COMPANY,

              Defendant.

3:11 - CV- 1209 (CSH)

AUGUST 5, 2013

## RULING ON DEFENDANT'S MOTION TO STRIKE REPLY TO RESPONSE OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SURREPLY

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

Plaintiff Travelers Indemnity Company ("Travelers"") has brought this action in an effort to recover compensatory damages, including pre-judgment and post-judgment interest, arising out of an alleged breach of contract by Excalibur Reinsurance Corporation ("Excalibur"), formerly known as PMA Capital Insurance Company.   Specifically, Travelers alleges that "Excalibur has failed and refused to pay $1,573,189.58  worth of valid reinsurance claims under the contract, thereby breaching it." Doc. 1, p. 1.

### II.  PENDING MOTION - DOC. 66

Pending before the Court is Excalibur's "Motion to Strike the Affidavit of Rosemarie Robles

1

Or, In the Alternative for Leave to File A Surreply in Opposition to [Doc. 56] Plaintiff's Motion for Leave to File An Amended Complaint."  Doc. 66.  The Court has previously granted Plaintiff's Motion for Leave to Amend the Complaint, Doc. 56.  *See*  Ruling at Doc. 73 (filed 2/1/2013). Under such circumstance, the Court might deny the present motion as moot.  However, in the interest of clarity for the parties, the Court will  issue the present Ruling *nunc pro tunc*.  Specifically, the Court will deny Excalibur's motion to strike the Affidavit of Rosemarie D. Robles ("Robles Affidavit"), Doc. 63-2, and grant Excalibur's request to file the Declaration of Diane Ferro ("Ferro Declaration"), Doc. 66-2.

### III.  DISCUSSION

### A.  Motion to Strike Robles Affidavit

First, Excalibur has requested that the Court strike Travelers's submission of the Robles Affidavit, dated 8/9/2012. Doc. 63-2.   As of the date of her affidavit, Rosemarie Robles was "employed as a Second Vice President in the Ceded Reinsurance Claim Operations department of [t]he Travelers Companies, Inc." *Id.*, ¶ 3.   Travelers filed her affidavit as an exhibit to its "Reply Brief in Support of Its Motion For Leave to Amend Its Complaint" [Doc. 63].   In particular, Travelers filed the affidavit  in response to Excalibur's assertion in its opposition brief that Travelers's motion for leave to amend was "untimely." Doc. 63, p. 8.  Travelers responded to said opposition, stating that "Excalibur informed Travelers of its most egregious CUTPA violation – that it has a general business practice of not even beginning its review of reinsurance claims until they are more than 180 days old – in a telephone conversation on May 24, 2012, less than six weeks before Travelers moved for leave to amend its complaint." *Id.*  In support, Travelers cited "Aff. of

R. Robles, attached hereto as Exh. 2," in which Robles testified that on May 24, 2012, she "spoke with Excalibur's Diane Ferro over the telephone" and during that conversation "Ms. Ferro told [her] in substance that Excalibur does not even begin its review of reinsurance claims for payment consideration until 210 days after the date on which they are billed."[1]  Doc. 63-2, ¶¶ 7-8.

Excalibur argued that the Court should strike the Robles Affidavit because it "asserted new facts which could have been, but were not asserted in connection with [Travelers's] moving papers." Doc. 66, p. 1.  Excalibur contended that "[s]ubmission of new evidence [on reply] is improper and should not be considered by the Court."  Doc. 66-1, p. 1-2 (citing, *inter alia*, *New Look Party Ltd. v. Louise Paris, Ltd.*, 11 Civ. 6433 (NRB), 2012 U.S. Dist. LEXIS 9539, at *12 n. 4 (S.D.N.Y. Jan. 11, 2012)).  Excalibur further argued in support of its motion to strike that a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers. Doc. 70, p. 2 (citing *United States v. Noble Jewelry Holdings Ltd.*, 08 Civ. 7826 (JGK)(KNF), 2012 U.S. Dist. LEXIS 51675, at *13-14  (S.D.N.Y. April 9, 2012) (court refused to consider new evidence submitted by movant on reply where such evidence was "not submitted in response to any new material issues raised" in the opposition papers)).

Travelers countered by explaining that "the Robles Affidavit was introduced solely to respond to claims raised by Excalibur in its opposition brief." Doc. 69, p. 4.  Travelers pointed to the fact that when it sought leave to file an amended complaint, it sought to include new factual allegations and a new cause of action for violation of Connecticut's Unfair Trade Practices Act

---

[1] The Court is aware that, as Excalibur asserts, the number of days described by Travelers' counsel in Plaintiff's  reply  brief (180 days), Doc. 63, p. 8, is inconsistent with the number of days Ms. Robles  provided in her affidavit (210 days), Doc. 63-2, ¶ 8.  As Excalibur has noted, counsel's statements are not evidence in these proceedings.  Only sworn testimony of witnesses may comprise evidence, if relevant and admissible.

("CUTPA"), Conn. Gen Stat. §§ 42-110a *et seq*.  Doc. 69, p. 2.  To show that the proposed amendments were timely and not the result of "undue delay," Travelers had identified "several key facts that  Excalibur did not reveal until after Travelers had already filed its initial complaint," including "facts communicated to it by Excalibur's claims supervisor, Diane Ferro, in a recent telephone call with Travelers." *Id.* (citing Doc. 56, p. 3 (internal quotations omitted)).

Excalibur, however, found Travelers's assertions regarding timeliness to be deficient.  In its opposition brief, Excalibur argued that the timing of the proposed amendments was the result of undue delay and the details Travelers presented were "too vague . . . to establish diligence."  Doc. 69, p. 2 (quoting Doc. 57, p. 18).  Excalibur asserted that "Travelers fail[ed] to state when this conversation [between Ferro and a representative of Travelers (*i.e.*, Robles)] took place or even who at Travelers was a party to this conversation."  Doc. 69, p. 2 (quoting Doc. 57, p. 5-6).  Excalibur even suggested that "[i]f Travelers wishes this Court to consider factual allegations concerning a 'recent conversation' to excuse its dilatory conduct, it must offer evidence *in the form of sworn affidavits*, not unsupported hearsay arguments by counsel."  Doc. 57, p. 6 (emphasis added).  Travelers clarified that it responded to said prompt by filing the Robles Affidavit, which Excalibur now deems improper.[2]

Excalibur is correct that, in general, a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers.  *See, e.g., United States v. Noble*

---

[2] Excalibur  does not address its own inconsistency in suggesting that an affidavit  should be filed and then arguing that the Robles Affidavit is an improper attempt to "cure the fatal defect" in Travelers' moving papers."  Doc. 70, p. 2-3.

*Jewelry Holdings, Ltd.*, 2012 U.S. Dist. LEXIS 51675, at *13-14.[3] The reason to refuse consideration of such evidence "submitted for the first time in reply" is that it "would be fundamentally unfair to the [non-moving party], because it would deprive [said party] of an opportunity to respond." *Id*. In the present case, however, no such issue of prejudice arises because Excalibur had the chance to reply and also, as set forth below, filed its own witness statement to discredit the contents of the Robles Affidavit.

Furthermore, the Second Circuit has recognized that "reply papers may properly address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000). *See also Guadagni v. New York City Transit Authority*, 387 F. App'x 124, 125-26 (2d Cir. 2010) ("Naturally, a reply on a motion will contain new case citations; otherwise it would be entirely repetitious of the original motion. We have held, moreover, that 'reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.' ") (quoting *Bayway Ref. Co.*, 215 F.3d at 226-27)); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (noting that it was within district court's discretion to consider arguments made for first time in reply brief on summary judgment motion). *See also Goins v. JBC & Assoc., P.C.,* 352 F.Supp. 2d 262, 270  n. 3 (D.Conn. 2005) (Court "finds it appropriate" to consider additional documentary evidence submitted with plaintiff's reply brief where defendants

---

[3]  *See also Wolters Kluwer Fin. Servs. Inc. v. Scivantage*,  No. 07 CV 2352 (HB), 2007 WL 1098714, at *1 (S.D.N.Y. April 12, 2007) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply;" and "[p]roviding specifics in a reply in support of a general argument in an objection counts as new matter in reply" )(citing *Murphy v. Village of Hoffman Estates*, [No. 95 C 5192,] 1999 U.S. Dist. LEXIS 3320, at *5-6 (N.D.Ill. 1999)).

were not surprised by the filings and did not seek leave to respond to them); *Walsh v. City of Norwalk*, No. 3:08CV1905 (DFM), 2011 WL 4572063, *3 n.4 (D. Conn. Sept. 30, 2011) (court's consideration of affidavit attached to defendant's reply brief deemed proper where affidavit was filed in response to argument in plaintiff's opposition papers because "reply papers may properly address new material issues raised in opposition papers").

When new evidence appears in opposition papers, the non-moving party should seek leave, or may receive the Court's *sua sponte* permission, to file a sur-reply to address those new issues. *See, e.g., Guadagni,* 387 F. App'x at 126; *Goins*, 352 F.Supp. 2d at 270 n.3.

In deciding whether to consider the Robles Affidavit, the Court analyzed whether the affidavit addressed new material issues and/or whether it was filed in an attempt to cure a deficiency within Travelers's original motion papers.  Under these circumstances, the Court finds that the Affidavit did both.  In particular, the Robles Affidavit was filed to address Excalibur's assertion in its responsive brief that Travelers's rendition of the facts regarding undue delay were "vague" so that Travelers "must offer evidence in the form of [a] sworn affidavit, not unsupported hearsay arguments by counsel."  Doc. 57, p. 6.   The affidavit addressed Excalibur's criticisms of vagueness as well as provided further support for Travelers's previous argument that it did not delay in seeking to add its CUTPA claim.  *See* Doc. 73, p. 3.

Most importantly, I find that no prejudice was suffered by Excalibur in the Court's consideration of the Robles Affidavit, where Excalibur both had the opportunity to reply to that affidavit and in fact filed its own witness declaration, namely the Declaration of Diane Ferro (dated 8/23/2012), the "Vice President of Armour Risk Management, Inc.," the entity that manages Excalibur's business.  Doc. 66-2, ¶ 1.  In sum, the Court finds no need to strike the Robles Affidavit.

B.    **Motion to File Ferro Declaration**

The Court also accepts the Ferro Declaration, which was offered to support Excalibur's counter-assertion that Ferro never engaged in a conversation with anyone from Travelers in which Ferro had stated that "Excalibur does not begin to review reinsurance claims for payment until 210 days after the date on which they are billed." Doc. 66-2, p. 2. Ferro's statement plainly called into question both the contents and the actual occurrence of the telephone conversation between Robles and Ferro.

In granting Travelers's *Motion for Leave to Amend Complaint* [Doc. 56], the Court focused on the relevant facts to find that "[t]here [was] no substance to Excalibur's objection that Travelers' motion to amend its complaint [was] untimely."[4]  Doc. 70, p. 4; *see also id.* p. 4-6.  I specifically noted that "Excalibur neither assert[ed] specifically nor suggest[ed] generally that it [was] prejudiced by Travelers not moving to amend earlier." *Id.*, p. 4.

In addition, with respect to the legal sufficiency of Travelers's proposed CUTPA claim, I noted that Robles was offered by Travelers as one of "two relatively recent factual sources" which prompted Travelers to seek to add its claims for violation of CUTPA. *Id.*, p. 2-3.  I also determined that "[w]hether Travelers can prove the facts upon which [its CUTPA] claim is based, including the contents of the conversation between Ferro and Robles, would be a consideration "for another day." *Id.*, p. 12. In that regard, the testimony of both Robles and Ferro might later become probative. The Court thus accepted the Ferro Declaration in conjunction with Excalibur's objection to Travelers'

---

[4]  The Court considered such factors as the early stage of the proceedings and the May 29, 2012 deposition testimony of Carol Barnhard, which revealed new facts to Travelers, leading to its motion to amend the Complaint.  Doc. 73, p. 4-5.

Motion to Amend [Doc. 56].

### IV.  CONCLUSION

In light of this Court's previous Ruling [Doc. 73] granting Travelers's "Motion for Leave to Amend Complaint" [Doc. 56], the Court issues this Ruling *nunc pro tunc* for purposes of clarity. For the foregoing reasons, Excalibur's "Motion to Strike the Affidavit of Rosemarie Robles Or In the Alternative For Leave to File A Surreply in Opposition to Plaintiff's Motion for Leave to File An Amended Complaint"[Doc. 66] is DENIED in part and GRANTED in part.  The Motion is DENIED with respect to Excalibur's request that the Court strike Travelers's submission of the Robles Affidavit [Doc. 63-2].  The Motion is GRANTED with respect to Excalibur's request to file with the Court the Ferro Declaration [Doc. 66-2].[5]  These two statements present contrasting testimony with respect to the occurrence and subject matter of a phone conversation between Robles and Ferro, a conversation potentially bearing on the merits of Travelers's CUTPA claim.   Although neither statement provided pivotal information for the Court's decision on Travelers's Motion for Leave to Amend Complaint, both affidavits were reviewed and considered by the Court.  Moreover, these statements, and the facts underlying them, may later prove probative when Travelers must prove its CUTPA claim.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        August 5, 2013

                                    */s/Charles S. Haight, Jr.*
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge

---

[5]  The Ferro Declaration [Doc. 66-2] is deemed properly filed with the Court so that Excalibur's counsel need take no further action to submit it.